IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CV-129-BO

| | |
|---|---|
| JACQUELINE HARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | O R D E R |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 39, 43]. For the reasons stated below, Plaintiff's Motion [DE 39] is DENIED, Defendant's Motion [DE 43] is GRANTED, and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On January 28, 2009, Ms. Harris filed an application for disability insurance benefits and supplemental security income, alleging an onset date of September 23, 2003. Her claim was denied initially and on reconsideration. Plaintiff timely requested a hearing before an ALJ. Her hearing was held on October 27, 2010, before ALJ Juan C. Marrero. ALJ Marrero denied Plaintiff's claims in a decision dated November 19, 2010. Plaintiff sought Appeals Council review of the ALJ's decision. On June 8, 2011, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Having exhausted her administrative remedies, Plaintiff filed a motion for leave to proceed *in forma pauperis*, with complaint

attached, in this Court on August 5, 2011 [DE 1]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in New Bern, North Carolina, on August 6, 2012 [DE 48]. The motions are now ripe for adjudication.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A); 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B); 42 U.S.C. § 423(d)(2)(A).

### I. The Five-Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The

claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

## II. The ALJ's Decision of November 19, 2010

In this case, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, from September 23, 2003 through the date of decision. Tr. 22. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since September 23, 2003, the alleged onset date. Tr. 15. At step two, he found that at all times relevant to this decision, the claimant had the following severe impairments: degenerative disc disease, depression, carpal tunnel syndrome, and obesity. Tr. 15.

At step three, the ALJ found that the claimant did not have an impairment that met or

medically equaled an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1. Tr. 15. At step four, the ALJ found that the claimant had the RFC to perform light work "which requires maximum lifting of 20 pounds, frequent lifting of up to 10 pounds, and sitting, standing or walking approximately 6 hours of an 8 hour day with normal breaks." The ALJ found that the claimant "would be able to alternate sitting and standing every 30 to 45 minutes and perform frequent handling and fingering while performing simple, routine, and repetitive tasks." Tr. 16. Relying on the vocational expert ("VE")'s testimony, the ALJ found that Ms. Harris was capable of performing her past relevant work as a telephone solicitor. Tr. 20. In the alternative, he found that there are jobs that exist in significant numbers in the national economy that Ms. Harris could perform. Tr. 21. Because the Court finds that the ALJ's conclusions are supported by substantial evidence, the decision of November 19, 2010 is affirmed.

Ms. Harris argues that remand is necessary because the ALJ erred (1) in failing to consider Listing 1.02, (2) in failing to communicate to the VE all of Ms. Harris's mental limitations, (3) in finding that a sit-stand option was available in the four occupations named by the VE, (4) in failing to accord great weight to Ms. Harris's testimony and in finding that Ms. Harris was not credible, and (5) in failing to contact a treating physician for an RFC assessment.

### 1. Listing 1.02

At steps one through four, the claimant bears the burden of production and persuasion. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Although Ms. Harris challenges the ALJ's failure to properly consider Listing 1.02, she does not assert that she meets that Listing or even that she suffers from major dysfunction of a joint. *See* 20 C.F.R. § 404, Subpt. P, App. 1, Listing 1.02. Nor does the record support such a conclusion. Rather, substantial evidence supports the conclusion of the ALJ. Ms. Harris's record includes a spinal examination on February 4, 2009

that demonstrated "no gross abnormalities." Tr. 278, 289. An MRI of her cervical spine on October 16, 2008 was "basically normal." Tr. 349. At worst, her x-rays showed possible "minimal joint space loss within the medial compartment of the femorotibial joint." Tr. 371. Here, the ALJ properly considered the musculoskeletal Listings in light of Ms. Harris's severe impairments and properly rejected application of the Listing in light of their severity. Ms. Harris presents no basis for her allegation of error by the ALJ, and therefore remand would be inappropriate on this basis.

## 2. Ms. Harris's Mental Limitations

Ms. Harris also argues that the hypothetical presented to the VE was incomplete because it failed to account for her mental limitations, including her need for a low stress environment and limited interaction with others. However, the ALJ presented the VE with a hypothetical question that was supported by substantial evidence, including an RFC of light work; sitting, standing, and postural limitations; a limitation to simple, repetitive tasks; and a sit-stand option. *See Barnhart*, 434 F.3d at 659; *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993). He properly presented those of Ms. Harris's limitations that he found to be relevant and credible. *Thompson v. Astrue*, 442 F. App'x 804, at *2 (4th Cir. 2011) (unpublished). It should be noted that, given the opportunity to pose his own questions to the VE at the hearing, Ms. Harris's counsel did not pose any questions regarding her need for a low stress environment or limited interaction with others. Tr. 47-49.

## 3. Sit-Stand Option

Ms. Harris challenges the ALJ's reliance on the VE's testimony about sit-stand options for particular jobs as inconsistent with the Dictionary of Occupational Titles ("DOT"). However, as the DOT is silent on sit-stand options, the ALJ's reliance on the VE's testimony was proper.

*See Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008).

### 4. Ms. Harris's Credibility

The ALJ discounted Ms. Harris's credibility because he found that "the objective evidence does not support disability," medications improved her psychological conditions and pain, an examining physician indicated "elements suggestive of embellishment," and her own account of her condition was inconsistent at various periods. Tr. 20. In accordance with the process outlined in Social Security Ruling 96-7p, the ALJ looked to the evidence in the record as a whole and identified the underlying physical or mental impairments that could reasonably be expected to produce the individual's pain or other symptoms. Having identified those impairments, Tr. 15, the ALJ evaluated the "intensity, persistence, and limiting effects" of those symptoms to determine the extent to which they limit Ms. Harris's ability to do basic work activities. The ALJ properly provided reasons for discounting Ms. Harris's subjective complaints, including the inconsistency of her complaints with her presentation at medical consultations, the inconsistency of her statements with medical signs and laboratory findings, and the lack of consistency between her statements and other statements she has made at other times. *See* SSR 96-7p. Taken together and noted by the ALJ in his decision, these reasons provide sufficient support for the ALJ's decision to discount Ms. Harris's subjective complaints to the extent that they are inconsistent with the relevant medical evidence and her presentation at medical consultations. *See Barnhart*, 434 F.3d at 657-59.

### 5. RFC Assessment By A Treating Physician

Finally, Ms. Harris argues that the ALJ improperly failed to request a Medical Source Statement containing an RFC assessment from her treating physician, citing to SSR 96-5p. Although the ALJ must review these statements, only adjudicators can ultimately assess a

claimant's RFC. SSR 96-5p. Ms. Harris failed to note how the ALJ's RFC calculation was unsupported by substantial evidence or how any information from Ms. Harris's treating physician would have altered the ALJ's analysis. Therefore, remand on this basis would be inappropriate

## CONCLUSION

For the foregoing reasons, and because the ALJ's decision is supported by substantial evidence, Plaintiff's Motion [DE 39] is DENIED, Defendant's Motion [DE 43] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED. This _17_ day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE